IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GREGORY K. LEE, AIS # 184070,           :

    Plaintiff,                              :

vs.                                     :       CIVIL ACTION 08-0379-KD-N

CAPT. HEDRICK, et al.,                  :

    Defendants.                             :

## REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding pro se and seeking leave to proceed in forma pauperis, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.[1]  After review of Plaintiff's complaint, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical

---

[1] The undersigned hereby **RESCINDS** the prior order dated August 27, 2008, granting Plaintiff's Motion to Proceed Without Prepayment of Fees.  (Doc. 3).  It is hereby **ORDERED** that Plaintiff's Motions to Proceed Without Prepayment of Fees be **DENIED** in light of the Court's findings herein.  (Docs. 2 & 4).

injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that, after reviewing the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama, Plaintiff had more than three actions that were previously dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted.  See Lee v. Aycock, CA 97-1806-UWC-TMP (N.D. Ala. Apr. 10, 1998); Lee v. Haley, et al., CA 00-0985-MHT-VPM (M.D. Ala. Sept. 8, 2000); Lee v. Haley, et al., CA 02-1343-WHA-VPM (M.D. Ala. Jan. 29, 2003); Lee v. Holt, et al., CA 03-1055-ID-VPM (M.D. Ala. Dec. 16, 2003); Lee v. Smith, et al., CA 03-1237-SLB-TMP (N.D. Ala. Apr. 20, 2006); and Lee v. Campbell, et al., CA 03-1812-IPJ-TMP (N.D. Ala. May 1, 2006).  In addition to these dismissals, Plaintiff filed at least fourteen actions that were dismissed pursuant to § 1915(g) because he did not pay the filing fee when he initiated the action.[2]

---

[2]The following actions filed by plaintiff were dismissed pursuant to § 1915(g): Lee v. Campbell, CA 04-0773-S-NE (N.D. Ala. Apr. 30, 2004); Lee v. Boyeet, et al., CA 04-2256-TMP (N.D. Ala. Aug. 4, 2004); Lee v. Mrs. Arnold, et al., CA 05-0108-VPM-MEF (M.D. Ala. Mar. 14, 2005); Lee v. Hill, et al., CA 05-1042-ID-DRB (M.D. Ala. Dec. 1, 2005); Lee v. Thomas, CA 06-0451-WKM-VRM (M.D. Ala. June 15, 2006); Lee v. Hope, et al., CA 06-0443-MEF-VPM (M.D. Ala. June 16, 2006); Lee v. Hope, et al., CA 07-0795-WKW-WC (M.D. Ala. Sept. 26, 2007); Lee v. Ferrell, et al., CA 07-0773- MHT-WC (M.D. Ala. Oct. 23, 2007); Lee v. Hope, et al., CA 07-0996-WHA-WC (M.D. Ala. Dec. 4, 2007); Lee v. Marcus, et al., 08-0568-WHA-WC (M.D. Ala. Aug. 20, 2008); Lee v. Warden Folk, et al., CA 07-0867-KD-M (S.D. Ala. Apr. 2, 2009);  Lee v. McKinnison, et al., CA 08-0257-CG-M (S.D. Ala. Mar. 24, 2009); Lee v. Department of Corrections, et al., CA 08-0556-CG-C (S.D. Ala. Jan. 6, 2009); Lee v. Ferrell, et al., CA 08-0730-CG-M (S.D. Ala. Mar. 24, 2009); Lee v. Smith, et al., CA 09-0366-CB-M (S.D. Ala. Aug. 17, 2009); Lee v. Correction Medical Service, et al., CA09-0400-CG-B (S.D. Ala. Oct. 19, 2009)

Therefore, in order for Plaintiff to avoid 28 U.S.C. §1915(g)'s application, it is incumbent on him to show that at the time of his action's filing he was "under imminent danger of serious physical injury." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time). The actual filing of the original Complaint occurred between July 30, 2008, when a prison official completed the certificate portion of his Motion to Proceed Without Prepayment of Fees (Doc. 2 at 5), and August 7, 2008, when the Complaint's envelope was postmarked. (Id. at 6). See Houston v. Lack, 487 U.S. 266, 270, 108 S.Ct. 2379, 2382 (1988) (delivery of prisoner's notice of appeal to prison officials for mailing to the court constitutes filing); Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993) (applying Houston v. Lack to a prisoner's filing of a § 1983 action). Thus, it is necessary for Plaintiff to show that the serious physical injury occurred or was about to occur near the period of time from July 30, 2008 to August 7, 2008.

Reviewing Plaintiff's complaint to determine if § 1915's exception is satisfied, the Court finds that although the Complaint is brief, its allegations are not clear. This is due to plaintiff not identifying the defendants with their addresses in Section III of the complaint form, not specifying a date when the complained of conduct occurred, and not having cohesive thoughts. In the Complaint Plaintiff alleges that when he was previously incarcerated at Bullock Correctional Facility, he had consensual sexual intercourse with a female guard, but he was accused of raping her and was taken to lock-up. (Doc. 1 at 3).

In lock-up Plaintiff asserts that he was sexually assaulted by Warden Folk with a billy-club in his rectum while he was in handcuffs. (Id.). Plaintiff is presently incarcerated at Fountain Correctional Facility. (Id. at 1).

Plaintiff maintains that Warden Miles and Warden Ferrell allowed this to happen to him and, therefore, he does not feel safe and possibly will be locked-up "for a while for safekeeping." (Id. at 3-4). Plaintiff then complains that he needs to be taken "to the hospital A.S.A.P. to see what's with my foot" and that he is "tired of being har[]assed by officers." (Id. at 4). For relief, Plaintiff requests to be transferred "to another camp for safety, and make sure [he] receive[s] damages, and get[s] necessary treatment from mental health." (Id. at 5).

The Court observes that Plaintiff previously filed an action for a sexual assault that occurred on November 26, 2007, when Warden Folk allegedly stuck foreign objects in Plaintiff's rectum and for a sexual assault by Warden Boyd at Easterling Correctional Facility.  See Lee v. Warden Folk, et al., CA 07-0867-KD-M (S.D. Ala. Apr. 2, 2009) (Docs. 1, 4, 7). That action was dismissed pursuant to 28 U.S.C. § 1915(g). (Docs. 12, 13).

In the action at hand, Plaintiff's allegations have failed to show that he is "under imminent danger of serious physical injury." Plaintiff did not identify the date when the complained of incident occurred even though a space on the complaint form is provided for this information. (Doc. 1 at 3). This precludes him from showing that an injury is imminent. Cf. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (finding that

past conduct cannot serve as a basis for the exception to § 1915(g)).  Furthermore, specific factual allegations describing his present lack of safety and his foot problem are absent, as are allegations demonstrating that his foot's medical condition, if left untreated, would pose an imminent danger of serious physical injury to Plaintiff.  Reviewing the Complaint, as a whole, Plaintiff's claims for lack of medical treatment and personal safety are vaguely and conclusorily pled.  "[T]he plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient."  Ball v. Allen, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (Granade, J.) (citation and quotation marks omitted); see Brown v. Johnson, 387 F.3d 1344, 1349-50 (11th Cir. 2004) (finding that specific factual allegations are required to show a present imminent danger that may result in a serious physical injury when examining the complaint as a whole).  Accordingly, Plaintiff's allegations are insufficient to satisfy § 1915(g)'s exception as well as the requirement of Rule 8(a) of the Federal Rules of Civil Procedure that there must be "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955 (2007)).

     Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350.00 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir.

2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he initiates the action); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), cert. denied, 535 U.S. 976 (2002).  Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 6th day of November, 2009.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

7